S. H. HIGHTOWER v. THE STATE.

No. 8334. Decided April 2, 1924.

1.—Selling Intoxicating Liquor—Sufficiency of the Evidence.

Where upon trial of selling intoxicating liquor, the evidence is sufficient to sustain the conviction, there is no reversible error.

2.—Same—Evidence—Confession—Bills of Exception—Arrest.

Where the bills of exception failed to show that the appellant was under arrest at the time the confession was made nor do they show any fault in the confession, the same cannot be considered on appeal.

**3.—Same—Confession—Warning Witness.**

Where the person to whom the confession was made testified that after giving to appellant the warning required by law he made the statement in question which was reduced to writing by the witness, examined by the appellant, and signed by him without protest in the presence of two witnesses, there was no reversible error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. C. A. Pippen.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Lee Perkinson,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney, and *Shelby S. Cox,* District Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The State's evidence, if believed, leaves no question but that the appellant sold whisky to the purchaser named in the indictment.

The complaint in Bills of Exception Nos. 1 and 2 of the receipt in evidence of the written confession of the appellant cannot be sustained. The bills fail to show that the appellant was under arrest at the time the confession was made; nor do they show any fault in the confession, tested by the rule laid down by Art. 810, C. C. P., with reference to a confession made by one under arrest.

Bill No. 3 complaining of the receipt of the testimony of the person to whom the confession was made that appellant signed it willingly shows no prejudicial error. The point made against it is that it states a conclusion. The confession was signed before two witnesses. The person to whom it was made testified that after giving to appellant the warning required by law, he made the statement in question which was reduced to writing by the witness, examined by the appellant, and signed by him without protest in the presence of two witnesses, neither of whom was called to testify.

Appellant, testifying as a witness in his own behalf, admitted that he sold the whisky and received eight dollars for it. He claimed, however, that Caldwell, the purchaser, was believed at the time to be one Carter, a friend of the appellant, and by appointment made over the telephone, he obtained a half-gallon of whisky and delivered it to Caldwell; that in the telephone communication, Caldwell represented himself as Carter, and that appellant, in order to oblige him, obtained the whisky, took it to the place agreed upon, delivered it

97 T. C.—13.

and received eight dollars; that he made no profit in the transaction. Finding no error in the record, the judgment is affirmed.

*Affirmed.*